Battle, J.
 

 The bond, for the breach of which this action was brought, was given in the year 1847, and the clerk, who was the principal therein, resigned and went out of office in September, 1850. The case must depend, therefore, upon the provisions of the Revised Statutes, which -were not superseded by the Revised Code until the first day of January, 1856.
 

 By the 8th section of the 65th chapter of the Revised Statutes, it is enacted that “all suits on the bonds of sheriffs, eon-‘stables, clerks of the superior courts of law, clerks and masters in equity, and clerks of the courts of pleas and quarter
 
 *307
 
 sessions, shall be commenced and prosecuted within sis years after the right of action shall have accrued and not after-wards, saving, nevertheless, the rights of
 
 infants, femes covert,
 
 and persons
 
 non compos
 
 mentis, so that they sue within three years after their disabilities are removed.” The suit in the present case was not commenced until the year 1857, more than six years after the right had accrued, unless, as the plaintiff’s counsel contends, such right of action did not accrue until a demand was made, which was only a few days before the writ was issued. The question, then, is, was a demand necessary before the plaintiff, as county trustee, had a right to commence his suit upon the bond of the defendant, Bich-ardson’s intestate, for his default in not paying over the money in his hands, to which the plaintiff was entitled. This, we think, is answered by the case of the
 
 State to the use of Moore County
 
 v. McIntosh, 9 Ire. Rep. 307. It was there held that no demand was necessary to be made of a sheriff, for public money, which it was his duty to pay over. The principle applies equally to a clerk, who lias officially received money for which he is accountable. But the plaintiff’s counsel objects, that no particular time is fixed, at which he is to pay over fines, forfeitures and amercements, and that, therefore, he was in no default until he had refused, or neglected to pay upon a demand. The answer to this objection .is that, though the condition of the clerk’s bond, in the present case, stipulates for the paying over, and accounting for, to the county trustee, fines, forfeitures and amercements as well as tax-fees, yet it seems from the 8th section of the 28th chapter of the Bevised Statutes, that it was the duty of the sheriff, and not of the clerk, to collect and account for the former, while to the clerk is assigned, by the 6th section of the same chapter, the duty of receiving and paying over within three months after the receipt thereof, the tax-fees on suits. There was a time fixed then, for a payment by the clerk of the only public moneys which he was to receive and pay the county trustee, and of course, he made a default at the moment when he failed to perform his duty in that particular. This default gave to the
 
 *308
 
 county trustee a right of action upon the clerk’s bond, which is barred by not having been commenced and prosecuted within six years.
 

 Pee Cubiam:, Judgment affirmed.